## PECK, et al v. RICE.

Circuit Court, Dade County, Civil Appeal.

July 3, 1953.

E. F. P. Brigham, Miami, for appellants.

A. Chester Abney, Miami, for appellee.

CHARLES A. CARROLL, Circuit Judge.

This is an appeal from a judgment of the civil court of record in favor of the defendant below, based on direction of a verdict for defendant following plaintiffs' opening statement.

The cause was on trial before the court without a jury. Appellants make two main contentions. One is that the lower court had settled the question of the sufficiency of the complaint to set out a cause of action by making an order denying motion for summary judgment and reciting that there were triable issues. That was supplemented by the contention that the opening statement of plaintiffs' counsel included facts on the basis of which the court had held that there were triable issues.

As a second main point, the appellants contend that the opening statement was full and complete, covered all the allegations and was sufficient.

In directing a verdict and dismissing the case, the trial court proceeded on the assumption or theory that there was no meeting of the minds—no contract between seller and buyer, or that no buyer was obtained, "ready, able and willing to buy," because the buyer's request on Monday for inclusion of a provision for certain repairs was considered a counter offer and, therefore, not an acceptance or showing on the part of the purchaser of being ready, able and willing to buy within the prescribed terms.

I feel that that is too fine an interpretation upon which to determine the case at that stage and without all of the evidence being in, particularly where substantially the same matter shown on the pleadings had been considered sufficient for trial.

Moreover, this court is inclined to differ with the interpretation placed by the court below on the final stages of the dealings. By the opening statement the plaintiffs proposed to prove that at the end of the week they informed the seller that the purchaser was inclined to demand certain repairs, and that the broker then agreed with the seller to absorb that item or difference (out of the commission), and, therefore, when the purchaser on Monday was ready, able and willing to go ahead, provided such repairs were included, there was, in fact, an acceptance in accordance with the terms for the sale.

Accordingly, the judgment is reversed and the cause is remanded for trial.